**Antwyan DORN, Petitioner,**

v.

**Harry K. SINGLETARY, Respondent.**

No. 96–1838–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Nov. 6, 1998.

Antwyon M. Dorn, Chipley, FL, pro se.

Davis Graham Anderson, Jr., Attorney General's Office, Dept. of Legal Affairs, Tampa, FL, for Respondent.

## ORDER

KOVACHEVICH, Chief Judge.

This cause is before the Court on Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus. Petitioner challenges his conviction rendered in the Sixth Judicial Circuit in and for Pinellas County, Florida. Petitioner was convicted by jury trial of at-

tempted first-degree murder of Willie Young and armed robbery with a firearm, as charged by Indictment. On August 7, 1991, the court sentenced Petitioner as an habitual offender for a term of imprisonment of thirty-five years for each offense, sentences to run concurrently with one another.

## PROCEDURAL HISTORY

Petitioner appealed his conviction to the Second District Court of Appeal, raising two issues:

### ISSUE ONE

THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN A CONVICTION FOR ATTEMPTED FIRST–DEGREE MURDER.

### ISSUE TWO

THE LOWER COURT ERRED IN ADMITTING IMPROPER HEARSAY.

The Second District Court of Appeal affirmed, *per curiam,* without a written opinion, on May 1, 1992. (Doc. No. 5)

On December 3, 1993, Petitioner filed a Rule 3.850 Motion for Post-conviction Relief in the trial court. Then, on January 24, 1995, Petitioner filed a Motion for Leave to Amend his post-conviction relief motion.

Petitioner raised the following grounds for relief in the Rule 3.850 motion:

### GROUND ONE

THE TRIAL COURT COMMITTED FUNDAMENTAL ERROR IN DENYING PETITIONER A SPEEDY TRIAL AND IN FAILING TO RULE ON PETITIONER'S MOTION FOR SPEEDY TRIAL AND MOTION FOR DISCHARGE.

### GROUND TWO

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL OF RECORD FAILED TO 1) OBJECT TO THE ADMISSION OF A FIREARM INTO EVIDENCE, 2) OBJECT TO THE JURY INSTRUCTIONS, 3) REQUEST ALL NECESSARY INCLUDED OFFENSES OF ATTEMPTED FIRST–DEGREE MURDER AND ARMED ROBBERY, 4) INCLUDE RECORDS OF VOIR DIRE, OPENING AND CLOSING STATEMENTS, AND JURY INSTRUCTIONS ON APPEAL, AND 5) MOVE TO HAVE PETITIONER SENTENCED UNDER THE YOUTHFUL OFFENDER ACT.

### GROUND THREE

THE TRIAL COURT COMMITTED ERROR IN MISCALCULATING PETITIONER'S POINTS ON HIS PRIOR RECORD.

On March 29, 1995, the trial court denied the Rule 3.850 motion without an evidentiary hearing. The court found that Ground One "should have been raised on direct appeal and thus is improper to raise under Florida Rule of Criminal Procedure 3.850." (Doc. No. 17) As to Ground Two, the trial court found that Petitioner did not show how the omissions that he listed constituted ineffectiveness or that the result would have been different without the alleged ineffectiveness. The trial court found that Petitioner failed to show any prejudice, and therefore denied this claim. The trial court found that there was no merit to the assertions in Ground Three, as Petitioner failed to show any miscalculation, and Petitioner was properly sentenced.

Petitioner appealed the trial court's judgment, and the Second District of Appeal affirmed, *per curiam,* without a written opinion, on August 25, 1995. (Doc. No. 5, Exhibit 007)

On May 11, 1995, Petitioner filed a state petition for writ of habeas corpus, raising one ground for relief:

### GROUND ONE

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL ON APPEAL BECAUSE COUNSEL OF RECORD HAD NOT MOVED TO SUPPLEMENT THE RECORD WITH MATERIALS THAT TRIAL COUNSEL HAD OMITTED WHEN THE RECORD WAS MADE UP FOR APPEAL. (Doc. No. 5, Exhibit 008)

The Second District Court of Appeal denied Petitioner's petition for writ of habeas corpus. (Doc. No. 5, Exhibit 010)

Petitioner then filed the present federal petition for writ of habeas corpus in which he raises four grounds for habeas relief:

## GROUND ONE

THE TRIAL COURT COMMITTED FUNDAMENTAL ERROR IN DENYING PETITIONER A SPEEDY TRIAL AND IN FAILING TO RULE ON PETITIONER'S MOTION FOR SPEEDY TRIAL AND MOTION FOR DISCHARGE.

## GROUND TWO

THE EVIDENCE WAS INSUFFICIENT TO SUSTAIN AN ATTEMPTED FIRST–DEGREE MURDER CONVICTION.

## GROUND THREE

THE TRIAL COURT ERRED IN ADMITTING IMPROPER HEARSAY AND COMMENTS ON PETITIONER'S RIGHT TO REMAIN SILENT.

## GROUND FOUR

PETITIONER RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE COUNSEL OF RECORD FAILED TO OBJECT TO JURY INSTRUCTIONS.

Respondent responded to the petition. (Doc. No. 5) Respondent contends that all four grounds of Petitioner's present petition for writ of habeas corpus are procedurally barred. Respondent claims that Ground One is procedurally barred because it was not raised on direct appeal. Respondent contends that Ground Two is procedurally barred because Petitioner raised the issue as a matter of state law in his appellate brief, and cannot now raise the issue as a matter of constitutional law in a timely appeal. Respondent claims that Ground Three is procedurally barred because Petitioner did not object at trial to the incriminating line of questioning and the statements involved on the ground that they violated his right to remain silent; rather Petitioner objected at trial on hearsay grounds. Respondent claims that Ground Four is procedurally barred because Petitioner did not raise the issue in his Rule 3.850 Motion and cannot go back and do so now because of the State's Successive Petition Doctrine.

Petitioner responded to Respondent's response. (Doc. No. 11) Petitioner did not address Respondent's assertion that Ground One was procedurally barred. Instead, Petitioner elaborated on Ground One, claiming that because so much time had passed between the alleged crime and the trial, the victim "chose to guess at certain questions," because he could not remember how the events really happened. (Doc. No. 11) Petitioner contends that Ground Two is not procedurally barred because he raised the issue on direct appeal. Petitioner claims that Ground Three is not procedurally barred because he objected at trial on both hearsay grounds and on the ground that the evidence was a comment on his right to remain silent. Petitioner does not address Respondent's assertion that Ground Four is procedurally barred.

## DISCUSSION

### Procedural Default

In *Tower v. Phillips*, 7 F.3d 206 (11th Cir.1993), the court stated:

Federal courts are precluded from addressing claims that have been held to be procedurally defaulted under state law. *Coleman v. Thompson*, 501 U.S. 722, 729–30, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991). In addition, federal courts may not address claims that have not been presented in state court if the state court would have found the claims to be procedurally defaulted, unless the petitioner is able to show both cause for the default and prejudice resulting therefrom.[10] *Teague v. Lane*, 489 U.S. 288, 297–99, 109 S.Ct. 1060, 1068–69, 103 L.Ed.2d 334 (1989); *Engle v. Isaac*, 456 U.S. 107, 128–29, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982).

10 The Supreme Court has also recognized a narrow exception for "extraordinary case[s] where a constitutional violation has probably resulted in the conviction of one who is actually

innocent." *Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986).

## GROUND ONE

Petitioner contends that the trial court committed fundamental error in denying Petitioner a speedy trial and in failing to rule on Petitioner's motion for speedy trial and motion for discharge. Petitioner claims that:

He filed a demand for speedy trial, pro se, that the trial court never ruled on. Then he filed a motion for discharge from crime, which was also never ruled on by the court.

■ Ground One is procedurally barred for the following reasons. Petitioner raised the alleged speedy trial violation in his Motion for Post-conviction Relief. The Circuit Court found that the issue should have been raised on direct appeal, and because it was not, the issue was procedurally barred. The Second District Court of Appeal affirmed the trial court's ruling, *per curiam.*

Because the trial court found this issue to be procedurally barred, and the Second District Court of Appeal affirmed, Petitioner is not entitled to federal review of this claim unless Petitioner can overcome the procedural bar. Petitioner has not shown cause or prejudice to overcome the procedural bar.

■ Cause must be something external to the defense that prevented the Petitioner from raising the claim and which cannot be fairly attributable to his own conduct. *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986). In the present case, Petitioner does not attempt to show cause for not raising his claim on direct appeal. Petitioner does, however, attempt to show prejudice. He claims that because there was such a long delay between the alleged crime and the trial, the victim's memory was not clear, and therefore, neither was his testimony.

■ Petitioner contends that the jury was misled by the victim's testimony that he could not remember certain events and that the victim "guessed at certain questions." (Doc. No. 11) In order for Petitioner to show prejudice, he must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his actual

and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Hollis v. Davis,* 941 F.2d 1471, 1480 (11th Cir.1991) (quoting *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1596, 71 L.Ed.2d 816 (1982) (emphasis in original)). Petitioner did not meet this burden. He merely alleges that the victim may have forgotten some information or lied to give the jury a different impression of certain events. This scenario can happen in any trial, regardless of how much time passes between the crime and the trial.

■ Furthermore, Petitioner has not shown that a fundamental miscarriage of justice will occur if this Court does not review Ground One. Petitioner does not offer new evidence of any kind. He merely states that the testimony at trial did not accurately depict the events of the evening of the alleged crimes. Petitioner does not assert that he is actually innocent, as required, to show a fundamental miscarriage of justice. *Schlup v. Delo,* 513 U.S. 298, 324, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995).

Ground One does not warrant habeas corpus relief.

## GROUND TWO

Petitioner contends that the evidence at trial was insufficient to sustain a conviction of attempted first-degree murder. Petitioner claims that:

The State presented no evidence of premeditation. The victim testified that he was robbed at gunpoint, and that he heard Petitioner and co-perpetrator discussing who was going to kill him. Then the victim ran, never looking back to see *who* was shooting at him, or if anyone was shooting at *him* at all. The victim made conflicting statements concerning how many shots he heard, and he could not account for the nine or ten hour time gap between the time he met Petitioner and co-perpetrator and the time at which he called the police. There were numerous discrepancies in the victim's testimony. No weapons were found on Petitioner or co-perpetrator.

■ Ground Two is procedurally barred because Petitioner did not raise this issue as

a matter of federal constitutional law in his direct appeal. Instead, Petitioner raised the claim as a matter of state law and he cannot now raise the claim as a matter of constitutional law.

Even if Ground Two were not procedurally barred, Ground Two has no merit. The State must prove every element of the crime charged beyond a reasonable doubt. *In re Winship*, 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368 (1970). When considering the sufficiency of the evidence on review, the proper inquiry is not whether *this* Court believes that the evidence supported a conviction of guilt beyond a reasonable doubt, but instead, "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

In *Wilcox v. Ford*, 813 F.2d 1140, 1143 (11th Cir.1987), *cert. denied*, 484 U.S. 925, 108 S.Ct. 287, 98 L.Ed.2d 247 (1987), the Eleventh Circuit stated:

> The federal courts have consistently reiterated that this standard for weighing the constitutional efficiency of the evidence is a limited one. It is not required that the evidence rule out every hypothesis except that of guilt beyond a reasonable doubt. Faced with a record of historical facts that supports conflicting inferences, we must presume that the jury resolved such conflicts in favor of the prosecution, deferring to the credibility of the evidence. The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the grant of habeas relief.

For the following reasons, Petitioner has not shown that the jury could not have found the essential elements of attempted first-degree murder, beyond a reasonable doubt, after viewing the evidence in the light most favorable to the prosecution. *Jackson v.*.

*Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

The elements of the crime of attempted first-degree murder are as follows:

**Fla. Stat. § 777.04 Attempts, solicitation, conspiracy**

(1) A person who attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such offense, but fails in the perpetration or is intercepted or prevented in the execution thereof, commits the offense of criminal attempt, . . . .

**Fla. Stat. § 782.04 Murder**

(1)(a) The unlawful killing of a human being:

1. When perpetrated from a premeditated design to effect the death of the person killed or any human being; . . .

3. . . . is murder in the first degree and constitutes a capital felony, punishable as provided in § 775.082.

The victim, Willie Young, testified that Petitioner and co-perpetrator, Ronnie Dials, pointed guns at him and then robbed him. (R. 52)[1] Young heard Petitioner and Dials discussing who was going to shoot him. (R. 57–58) Young then ran, hearing shots fired at him as he was running. (R. 58) The police chased Petitioner and Dials, who were in Young's rental car. (R. 104–110) When the police caught and arrested Petitioner and Dials, they were taken to the police station, where the victim identified them as the men who robbed and shot at him.[2] (R. 87) The property that was taken from Young was found in Dials' possession. (R. 87) After the arrest, a police officer found a gun that the victim later identified as one of the guns used to rob him. (R. 53) The gun was found in the area in which a police officer saw Dials put his hand out the window and appear to throw something during the chase. (R. 113) The second gun was found by a civilian. (R. 118) Young identified this gun as one that was

---

1. Respondent filed the record on appeal as Doc. No. 5, Exhibit 001. Citations to the record will be designated by the letter "R" followed by a page or page numbers.

2. The victim admits to never looking back while he was running, so he never actually saw who was shooting at him. However, he testified to the fact that Petitioner and Dials pointed guns at him and discussed killing him.

used to rob him. (R. 53) Shells from the gun that Young said Petitioner had were found in the rental car. (R. 127–128)

 Petitioner and Dials pointed guns at Young and robbed him. Then Petitioner and Dials discussed who was going to shoot Young. Shots were fired, and later guns that were similar to the ones used to threaten Young were found, with shells. Based on these facts, a rational trier of fact could have found the essential elements of attempted first-degree murder, beyond a reasonable doubt.

Because the evidence was sufficient to sustain the conviction, Ground Two does not warrant habeas corpus relief.

### GROUND THREE

Petitioner raises two issues in Ground Three. Petitioner contends that the trial court erred in allowing improper hearsay. Petitioner also contends that the trial court erred in allowing comments on Petitioner's right to remain silent. He claims that:

> Before Petitioner testified at trial, Defense counsel attempted to prevent the State from presenting statements made by Dials, specifically "We're in big trouble, twenty-five years' worth. I should have killed him." Defense objected both on hearsay grounds and that these statements were a comment on Petitioner's right to remain silent. The trial court allowed the statements, and when Petitioner said that he had not heard Dials make those statements, the court allowed the State to put a police officer on the stand to rebut what Petitioner testified to.

Prior to Petitioner's being called to testify, Defense counsel asked the court not to allow the State to ask Petitioner if co-perpetrator, Ronnie Dials, stated to Petitioner, "We're in big trouble, twenty-five years' worth. I should have killed him. I'll still get twenty-five." (R. 152–53) Defense counsel argued that this statement was hearsay, and, therefore, was inadmissible. (R. 152–57) The State argued that the statement was not hearsay, because the statement was not being offered for the truth of the matter asserted. Rather, the statement was being offered to show the intent of the co-perpetrator,

which intent could be transferred to Petitioner. (R. 153) The trial court responded to the defense objections by ruling that "if it is a statement that a person would normally deny if it was not true and they remain silent, then it is admissible to prove either motive or the truth of the fact asserted." (R. 153–54) Defense counsel further stated: "There's no *Miranda.* All the issues concerning that—"[3] (R. 155) Then, Defense counsel continued to object on hearsay grounds. (R. 155–57) The trial court found that Dials' statement was admissible and that Petitioner could be asked whether he had heard the statement. Furthermore, the State was permitted to call Officer Hilland to rebut Petitioner's testimony that he had not heard Dials' statement. (R. 157) Officer Hilland testified that Petitioner and Dials were sitting next to each other and that Hilland was five feet away when Hilland heard Dials' statement to Petitioner. (R. 177–80) Hilland testified that Petitioner did not respond to Dials' statement. (R. 177–80)

 Petitioner's claim that the trial court erred in allowing improper hearsay is without merit. Hearsay is an out-of-court statement made by a declarant which is being offered to prove the truth of the matter asserted. In the present case, the State offered the out-of-court statement to show Dials' intent, which can be inferred was also Petitioner's intent. The statement was not offered to prove that Petitioner and Dials were in twenty-five years' worth of trouble. Dials said these words because he knew that he and Petitioner had committed the crimes for which they were arrested. Dials' statement was not hearsay, and therefore the trial court did not err in overruling the hearsay objection.

 Petitioner also contends that the trial court erred in allowing comments on his right to remain silent. This claim is procedurally barred. "In order for an argument to be cognizable on appeal, it must be the specific contention asserted as legal ground for the objection, exception, or motion below." *Steinhorst v. State,* 412 So.2d 332, 338 (Fla.1982). In the present case, Defense counsel extensively argued against the ad-

---

**3.** Defense counsel said nothing further on this subject.

mission of Dials' statement on hearsay grounds. Trial counsel made only one passing mention of *Miranda* and never expanded on the assertion. Counsel continued to object to Dials' statement as hearsay and even double hearsay, stating, "So the co-defendant's hearsay statement is admissible? That's the court's ruling?" It is clear from the trial transcript that Defense counsel objected to the admission of Dials' statement, but not on the grounds that it violated Petitioner's right to remain silent. Petitioner's argument presented in this petition, that the admission of the statement violated his right to remain silent, was not the "specific contention asserted as legal ground for the objection, exception, or motion below." *Steinhorst v. State,* 412 So.2d 332, 338 (Fla.1982).

 Even if this claim were not procedurally barred, this claim has no merit. Respondent contends that Dials' statement was an adoptive admission and therefore admissible against Petitioner. For a statement to be considered an adoptive admission, two criteria must be established. "First, the statement must be such that an innocent defendant would normally be induced to respond." *United States v. Joshi,* 896 F.2d 1303, 1311 (11th Cir.1990). In the present case, the innocent defendant would have responded to Dials' statement, "We're in big trouble, twenty-five years' worth." Petitioner contends that he did not respond because he knew he had a right to remain silent. Petitioner's argument is not persuasive, because an innocent defendant would have been induced to respond if he had not committed the crimes in question. Accordingly, the first of the two criteria of an adoptive admission has been met.

"Second, there must be sufficient foundational facts from which the jury could infer that the defendant 'heard, understood, and acquiesced in the statement.'" *United States v. Joshi,* 896 F.2d 1303, 1311 (11th Cir.1990) (quoting *United States v. Jenkins,* 779 F.2d 606, 612 (11th Cir.1986)). In the present case, Officer Hilland testified that while he, Dials, and Petitioner were in the operations room, Dials stated, "We're in big trouble, twenty-five years' worth. I should have killed him. I'll still get twenty-five years." Officer Hilland testified that Dials and Petitioner were sitting next to each other

and Hilland was approximately five feet away when he heard Dials make the statement to Petitioner. From these facts, the jury could have inferred that Petitioner heard the statements. Given the surrounding circumstances, the police chase, the arrest, and the fact that Petitioner was waiting to be booked for his alleged crimes, the jury could have inferred that Petitioner understood the statements. In light of the situation, the jury could have inferred that Petitioner acquiesced.

 The decision to admit evidence of an adoptive admission lies within the broad discretion of the trial court. *United States v. Joshi,* 896 F.2d 1303, 1311 (11th Cir.1990). The trial court determines whether the statement meets the criteria of an adoptive admission before admitting the statement. *Joshi* at 1312.

 Even though the trial court in the present case did not make a determination that the statement met the criteria of an adoptive admission, the court's not doing so was harmless error, because the error did not have a "substantial and injurious effect" on Petitioner's trial. *Brecht v. Abrahamson,* 507 U.S. 619, 637, 113 S.Ct. 1710, 1722, 123 L.Ed.2d 353 (1993). This case presents a close question, but there is sufficient evidence in the record to conclude that (1) an innocent defendant would have normally responded to the statement, and (2) the jury could have inferred that Petitioner heard, understood, and acquiesced in the statement. Dials' statement and Petitioner's adoptive admission were presented to the jury during the testimony of Petitioner and the testimony of Officer Hilland, as a rebuttal witness. The jury had previously heard testimony from the victim and the police officers who chased and arrested Petitioner. The jury had previously seen the guns that were used to perpetrate the crimes and heard testimony that one of the guns was found where a police officer saw Dials appear to throw something. The evidence presented to the jury before the admission of Dials' statement was more than enough evidence for a jury to find Petitioner guilty of attempted first-degree murder and armed robbery.

Dials' statement was not hearsay and it did not violate Petitioner's right to remain silent. The trial court did not abuse its discretion in admitting the statement. However, even if there were error in admitting the statement, it was harmless error, and therefore Ground Three does not warrant habeas corpus relief.

## GROUND FOUR

Petitioner contends that he received ineffective assistance of counsel because trial counsel failed to object to jury instructions. He claims that:

> The trial court erroneously instructed the jury on principals when he was not indicted as a principal by the grand jury. Petitioner's trial counsel failed to object to these jury instructions, and his appellate counsel failed to raise the issue on appeal. Petitioner was harmed by these jury instructions because Petitioner's defense was an alibi defense.

Ground Four is procedurally barred because Petitioner did not raise this issue in his Rule 3.850 Motion for Post-conviction Relief. Even if Ground Four were not procedurally barred, Ground Four has no merit.

The Supreme Court of Florida stated in *State v. Roby*, 246 So.2d 566, 571 (Fla.1971):

> Under our statute, therefore, a person is a principal in the first degree whether he actually commits the crime or merely aids, abets or procures its commission, and it is immaterial whether the indictment or information alleges that the defendant committed the crime or was merely aiding or abetting in its commission, so long as the proof establishes that he was guilty of one of the acts denounced by the statute.

Because Roby is currently the law in Florida, Petitioner's trial counsel was not ineffective for failing to object to the inclusion of the principal theory in the jury instructions. Therefore, Petitioner's appellate counsel was also not ineffective. Accordingly, Ground Four does not warrant habeas corpus relief.

Accordingly, the Court orders:

That Petitioner's petition for writ of habeas corpus is denied, with prejudice. The Clerk is directed to enter judgment against Petitioner and to close this case.